UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| DARRELL HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00239-CEA-SKL |
| | ) | |
| SHERRY MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case arises from a collision between Plaintiff Darrell Hyde, who was operating a motorcycle at the time, and Sherry Moore, who was operating a United States Post Office vehicle. Currently before the Court is a motion for substitution of parties [Doc. 8], filed by the United States of America. Plaintiff did not file a response to the motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. The Court deems Plaintiff's failure to respond to be a waiver of any opposition to the relief the United States seeks in the motion. *See* E.D. Tenn. L.R. 7.2.

The United States requests that it be substituted for Ms. Moore "as the sole defendant for all tort claims alleged in Plaintiff's Complaint, and that such tort claims against the named individual defendants proceed against the United States under the provisions of the Federal Tort Claims Act[.]" [Doc. 8 at Page ID # 31]. In the motion, the United States also requests a 45-day extension to file a responsive pleading to Plaintiff's complaint or a Rule 12 motion [Doc. 8 at Page ID # 32].

Pursuant to 28 U.S.C. § 2679(d)(1):

> Upon certification by the Attorney General that [a] defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

*See also Lambert v. United States*, No. 3:15-CV-147-PLR-HBG, 2016 WL 632461, at *3 (E.D. Tenn. Feb. 17, 2016) ("[w]hen a claim of wrongful conduct is brought against a government official in his individual capacity . . . the Attorney General's certification that the defendant was acting within the scope of his employment requires substitution of the United States as a defendant (citation omitted)).

The Attorney General filed the necessary certification in this case, indicating, "based on the civil complaint filed in this case and the relevant facts currently known, Sherry Moore was acting within the scope of her office and employment with the United States Postal Service at the time of the accident out of which the Plaintiff's claims arose." [Doc. 8-1]. Accordingly, the unopposed motion for substitution of parties [Doc. 8] is hereby **GRANTED**. The United States is substituted for Ms. Moore as the proper and sole defendant in this case. *See Elmore v. Harris*, No. 2:18-cv-2608-SHL-cgc, 2018 WL 6517125, at *1 (W.D. Tenn. Oct. 3, 2018) (dismissing claims against government employee upon substitution of United States as defendant). The Clerk is **DIRECTED** to modify the style of the case to terminate Ms. Moore as a defendant.

Further, the unopposed request for an extension of time is **GRANTED** for good cause shown as stated the motion to substitute [Doc. 8 at Page ID # 32]. The United States is **ORDERED** to file a responsive pleading or motion under Rule 12 within **45 DAYS** of entry of this Order. The

2

United States's previously filed motion for an extension of time [Doc. 2] is **TERMINATED AS MOOT**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE